UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WAYNE LARSEN, THOMAS GUEYDAN GERALD WILDS, WILLIAM THIBODEAX and EARL ZIMMER | * * * * | CIVIL ACTION NO. 2:13-cv-00630 |
| VERSUS | * * | JUDGE SUSIE MORGAN |
| POLYAIR, INC. | * * | MAGISTRATE JOSEPH W. WILKINSON, JR. |

\* \* \* \* \* \* \* \*

## ANSWER TO PLAINTIFF'S CLASS ACTION PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Defendant, POLYAIR CORPORATION, *incorrectly sued as* POLYAIR, INC. ("Polyair"), appearing herein response to Plaintiff's Class Action Complaint for Damages, and with respect represents:

## FIRST DEFENSE

And now the specific allegations of the Plaintiff's Class Action Complaint for Damages, Defendant Polyair, avers as follows:

I.

Defendant admits that Polyair manufactured a product known as FlexFoil, but lacks sufficient information to admit or deny whether FlexFoil was the product at issue in the premises and/or structures alleged by Plaintiffs or the putative class, and therefore denies any remaining allegations contained in Paragraph I, and demands strict proof thereof.

II.

Defendant denies that Paragraph II accurately and completely describes the FlexFoil product, its design, and its purpose, and therefore denies the allegations contained in Paragraph II.

III.

Defendant denies the allegations contained in Paragraph III.

IV.

Defendant denies the allegations contained in Paragraph IV.

V.

Defendant admits that This Court has subject matter jurisdiction pursuant to diversity, but lacks sufficient information to admit or deny the remaining allegations in Paragraph V, and so denies the remaining allegations and demands strict proof thereof.

VI.

Defendant lacks sufficient information to admit or deny the allegations in Paragraph VI, and so denies the allegations and demands strict proof thereof.

VII.

Defendant denies the allegations contained in Paragraph VII.

VIII.

Defendant denies the allegations contained in Paragraph VIII.

IX.

Defendant lacks sufficient information to admit or deny the allegations in Paragraph IX, and so denies the allegations and demands strict proof thereof.

X.

Defendant lacks sufficient information to admit or deny the allegations in Paragraph X, and so denies the allegations and demands strict proof thereof.

XI.

Defendant denies that this action is appropriately brought as a class action, denies that the claims of the putative class satisfy the requirements of a class action under the law, and thus denies the allegations contained in Paragraph XI.

XII.

Defendant denies the numerosity requirement of the present action and denies the entirety of the allegations contained in Paragraph XII.

XIII.

Defendant denies the numerosity and impracticability of joinder requirements of the present action, denies that it is aware of the identities or number of putative class members, and denies the entirety of the allegations contained in Paragraph XIII.

XIV.

Defendant denies the common question of law and fact as well as damages requirements of the present action and denies the entirety of the allegations contained in Paragraph XIV.

XV.

Defendant denies the typicality requirement of the present action and denies the entirety of the allegations contained in Paragraph XV.

XVI.

Defendant denies that the named Plaintiffs are appropriate class representatives in this matter and denies the entirety of the allegations contained in Paragraph XVI.

XVIII.

Denied are all unnumbered paragraphs, misnumbered paragraphs, and the prayer of Plaintiff's Class Action Complaint for Damages.

**SECOND DEFENSE**

The Complaint and/or prayer alleges certain claims or causes of action against the Defendant upon which relief cannot be granted under applicable law.

**THIRD DEFENSE**

In the alternative, and only in the event that this Court should find Defendant, POLYAIR CORPORATION, or anyone for whom it may be held legally responsible, guilty of any negligence or fault which contributed proximately to the incident of which the plaintiffs complain, then Defendant specially pleads the contributory negligence, comparative negligence and/or fault of plaintiffs as a bar or alternatively in limitation of plaintiffs' recovery herein.

**FOURTH DEFENSE**

In the further alternative, and only in the event that his Court should find Defendant, POLYAIR CORPORATION, or anyone for whom it may be held legally responsible, guilty of any negligence or fault which contributed proximately to the incident of which the plaintiffs complain, then Defendant specially pleads the comparative negligence and/or fault of other third parties or persons, whether party or non-party, for whom this Defendant

is not responsible, in limitation or as a complete bar to the plaintiffs' recovery against Defendant herein.

### FIFTH DEFENSE

In the further alternative, and only in the event that Defendant, POLYAIR CORPORATION, is deemed to be the manufacturer of the insulation or any component referred to in Plaintiff's Class Action Complaint for Damages, which is denied, then Defendant, POLYAIR CORPORATION avers that the insulation and components were not unreasonably dangerous in design or in composition or construction and adequate warnings about the product were provided, all as contemplated by the Louisiana Product Liability Act, LSA R.S. 9:2800.51 et seq. and Defendant, POLYAIR CORPORATION incorporates and specially pleads all defenses afforded by LSA R.S. 9:2800 et seq. as though set forth herein in extenso.

### SIXTH DEFENSE

Plaintiff has failed to mitigate damages.

### SEVENTH DEFENSE

Plaintiff has failed to properly claim and cannot prove the requirements for a class action pursuant to Federal Rule of Civil Procedure 23, et seq., and therefore cannot recover in this matter as a class action and cannot represent the putative class.

### EIGHTH DEFENSE

Defendant denies that it has been established that Defendant, POLYAIR CORPORATION manufactured the insulation at issue and therefore specially pleads the comparative negligence and/or fault of other third parties or persons that manufactured the

insulation at issue, for whom this Defendant is not responsible, in limitation or as a complete bar to the plaintiffs' recovery against Defendant herein.

## NINTH DEFENSE

Defendant claims that third parties or persons for whom this Defendant is not responsible abuse, misused, improperly installed, and/or improperly maintained the insulation at issue, and therefore specially pleads the comparative negligence and/or fault of those other third parties or persons are a limitation or a complete bar to the plaintiffs' recovery against Defendant herein.

## TENTH DEFENSE

Defendant claims that the claims of one or more of the named Plaintiffs, as well as members of the purported class, are barred by the prescriptive period applicable to Plaintiffs' claims for products liability, property damage, and breach of warranty, in that the prescriptive periods for Plaintiffs' claims lapsed prior to the filing of the present Class Action Petition, and, therefore, Plaintiffs' claims are prescribed.

**WHEREFORE,** the afore answers considered, Defendant, POLYAIR CORPORATION prays that these answers be deemed good and sufficient and that after due proceedings had and legal delays expired, that there be judgment herein in favor of your Defendant, POLYAIR CORPORATION and against Plaintiffs WAYNE LARSEN, THOMAS GUEYDEN, GERALD WILDS, WILLIAM THIBODEAX and EARL ZIMMER, and all purported class members, dismissing the lawsuit, with prejudice, at Plaintiff's cost.

RESPECTFULLY SUBMITTED:

**HEBBLER & GIORDANO, L.L.C.**
***Attorneys at Law***

BY: _____
GEORGE P. HEBBLER, T.A,
3501 N. Causeway Boulevard
Suite 400
Metairie, Louisiana 70002
Telephone: (504) 833-8007
Facsimile: (504) 833-2866
E-mail: hebbler@hebblergiordano.com

/s/ Todd M. Murphy
PAUL BOZYCH
TODD M. MURPHY
CLAUSEN MILLER, P.C.
E-mail: tmurphy@clausen.com
10 S. LaSalle Street
16th Floor
Chicago, IL 60603
Telephone: (312) 855-1010
Facsimile: (312) 606-7777

## <u>C E R T I F I C A T E</u>

I HEREBY CERTIFY that on July 2, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to persons electronically noticed. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

_____
GEORGE P. HEBBLER, JR., T.A.